UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : : : |
| **Plaintiff,** | : : |
| v. | : **CIVIL ACTION NO.** : **1:23-CV-01311-WMR** : |
| **TOTAL SYSTEM SERVICES, LLC** *f/k/a* **TOTAL SYSTEM SERVICES, INC.,** | : : : : |
| **Defendant.** | : : |

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991. The EEOC's Amended Complaint alleged that Defendant Total System Services, LLC ("Defendant" or "TSYS") discriminated against Joyce Poulson ("Poulson"), in violation of the ADA, by failing to provide her an available reasonable accommodation. TSYS denies violating the ADA or any liability.

The EEOC and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Amended Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree; (3) no Party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant shall not violate the ADA by engaging in any employment practices that discriminate against a qualified individual because of a disability or perceived disability, including by denying a qualified applicant or employee a reasonable accommodation that can be provided under the ADA without causing Defendant undue hardship.

2. Defendant shall not violate the ADA by retaliating against any applicant or employee because they requested a reasonable accommodation under the ADA or engaged in any other protected activity under the statute.

3. Defendant shall pay Poulson, via bank check, a total settlement amount of $65,000 in settlement of the non-monetary-based claims raised in this action, which shall be reported by Defendant on an IRS Form 1099-MISC. Payment shall be made within ten (10) business days after entry of the Consent Decree. Defendant shall send the settlement check to Poulson via overnight delivery to Poulson's current address, which shall be provided in writing to Defendant by the EEOC. Within five (5) business days after the check has been sent, Defendant shall provide to the EEOC a copy of the check and the tracking number of the envelope containing the settlement check sent to Poulson.

Neither the EEOC nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Poulson may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within ten (10) business days after the Court approves this Consent Decree, Defendant agrees to provide to the EEOC (1) Defendant's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. If Poulson does not receive the payment described in section 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payment at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and Defendant shall bear any additional costs incurred by the EEOC arising out of efforts to enforce this Consent Decree in federal court with respect to such non-compliance or delay.

5. Within thirty (30) business days after the Court approves this Consent Decree, Defendant shall create an Americans with Disabilities Act and Reasonable Accommodations Policy ("ADA Policy") which shall be submitted to the EEOC

for review before implementation by Defendant. The ADA Policy shall comply with the ADA and be consistent with this Consent Decree. Defendant shall also create and maintain an ADA Compliance Procedure with at least the following minimum content: (a) instruct Human Resources on how to track or log requests for accommodation under the ADA Policy; (b) require the Senior Vice President, Human Resources, to conduct a semi-annual review of the status of all accommodation requests and the interactive process; and (c) establish a procedure to notify an employee in writing after a request for accommodation is made under the ADA that, if the employee believes that their request has not been processed or resolved to their satisfaction, the employee can utilize Defendant's complaint process to address the issue.

6. Within twenty (20) business days of the EEOC's confirmation that the ADA Policy and ADA Compliance Procedure satisfies the above-referenced requirements, Defendant shall implement the ADA Policy and ADA Compliance Procedure, and copies of the ADA Policy will be made available to all of Defendant's U.S. employees via Defendant's intranet, and all Defendant's U.S. employees will be notified via email with a link to the ADA Policy and where it is located. Defendant shall also make reasonable efforts to make the ADA Policy available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the policy. New employees shall receive

a copy of the ADA Policy on or before their first day of work, or within a reasonable period consistent with Defendant's standard onboarding process.  A copy of the ADA Policy shall be included in Defendant's employee handbook at the time when the employee handbook is next revised.  Within forty-five (45) business days of the implementation of the ADA Policy and ADA Compliance Procedure as referenced in paragraph 5 above, Defendant shall report compliance with this provision to the EEOC and submit a copy of the notice sent to all employees regarding the ADA Policy and its location.  Defendant shall maintain the ADA Policy and ADA Compliance Procedure throughout the term of this Consent Decree.

7. During the term of this Consent Decree, Defendant shall provide an annual mandatory training program to all human resources and management personnel tasked with receiving, processing, or evaluating requests for disability-related accommodations. The training session shall be conducted virtually, and attendance may be by remote means.  At a minimum, the training shall include a discussion of the following topics: (a) an explanation of Defendant's ADA Policy and ADA Compliance Procedure, including that applicants and employees will not be discriminated against on the basis of their disability status, perception of disability, or request for a disability-related accommodation, with respect to any terms, conditions or privileges of employment; (b) an explanation of the rights and responsibilities of employees and managers under the new ADA Policy and ADA

Compliance Procedure and any record-retention obligations relating to requests for reasonable accommodation; (c) a description of the types of conduct or policies that constitute discrimination based on disability or perceived disability and the laws protecting employees from it; (d) an explanation of employees' right to exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination without fear of retaliation; (e) a discussion of the kinds of retaliation prohibited under the ADA, along with examples that include requesting a reasonable accommodation; (f) a discussion of the interactive process under the ADA, along with examples of the application of the interactive process to requests for accommodation that highlight that the ADA may require Defendant to provide a reasonable accommodation, which may include treating an employee with a disability preferentially or may require Defendant to deviate from its standard disability-neutral policies or procedures; and (g) the need to ensure that Defendant consider any requests for reasonable accommodation under the ADA promptly.

The first training program shall be deployed within four months of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the EEOC an agenda for the training program by electronic mail. Defendant should presume that the agenda is approved

unless contacted by the EEOC regarding the agenda within five (5) business days of submission of the agenda.  Within twenty (20) business days after completion of each training program, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance identified by job title and employee number, or who have otherwise completed the training.

8. Beginning within ten (10) business days after the Court approves this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit A**, hereby made a part of this Consent Decree, in each of its facilities in the State of Georgia in a place where it is visible to employees, and on Defendant's employee intranet that is accessible to all of Defendant's employees, managers, and executives. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.  Within ten (10) business days after the Court approves this Consent Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision and provide to the EEOC a screenshot of the intranet confirming the posting.  Defendant shall also make reasonable efforts to make the posting available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the posting.

9. During the term of this Consent Decree, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due 6 months after the Court approves this Consent Decree, with the last report being due 30 days prior to the expiration of the Consent Decree. The reports shall include the following information: a list of U.S. employees who have submitted a request for an accommodation to Human Resources during the reporting period, including each employee's name, job title, the date of the request, the type of accommodation requested by the employee, the date of Defendant's decision concerning the accommodation request, and if the accommodation was not granted, the reason why it could not be granted. Upon specific request by the EEOC for information pertaining to the individuals listed in the above report, Defendant will provide a particular individual's contact information. If no employee made a request for accommodation to Human Resource during the reporting period, Defendant shall inform the EEOC of this via email.

10. The EEOC may review compliance with this Consent Decree. As part of such review, the EEOC may, with 2 business days' notice, inspect Defendant's employee intranet and/or its facilities in the State of Georgia, interview employees relevant to Defendant's compliance under this Consent Decree, and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

11. If at any time during the term of this Consent Decree the EEOC believes that Defendant is in violation of the terms of this Consent Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) business days in which to investigate and provide a written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy as provided herein to enforce the terms of this Consent Decree.

12. This Consent Decree shall be in effect for a period of two (2) years after the Court approves this Consent Decree.

13. All notices to Defendant by the EEOC pursuant to this Consent Decree shall be sent by electronic mail to Elizabeth Cook (ecook@tsys.com) and Matthew Gilligan (mgilligan@hgrslaw.com). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the EEOC and provide contact information for a new designated point of contact within ten (10) business days of the change.

14. All reports or other documents sent to the EEOC by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

>Marcus G. Keegan
>Regional Attorney

U.S. Equal Employment Opportunity Commission<br>
Sam Nunn Atlanta Federal Center<br>
100 Alabama Street, SW<br>
Suite 4R30<br>
Atlanta, GA 30303

15. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate for enforcement of this Consent Decree.

16. Each party shall bear its own costs and attorney's fees.

_____                                    _____
Date                                                                                          Hon. William M. Ray II
                                                                                                    United States District Judge
                                                                                                    Northern District of Georgia


The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | TOTAL SYSTEM SERVICES, LLC |
| KARLA GILBRIDE<br>General Counsel | HALL, GILLIGAN, ROBERTS & SHANLEVER LLP |
| CHRISTOPHER LAGE<br>Deputy General Counsel | */s/Matthew J. Gilligan*<br>Matthew J. Gilligan<br>Georgia Bar No. 294955 |
| MARCUS KEEGAN<br>Regional Attorney | mgilligan@hgrslaw.com<br>Kristina K. Griffin<br>Georgia Bar No. 808069<br>kgriffin@hgrslaw.com |

| | |
|---|---|
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney<br><br>ROBYN M. FLEGAL<br>Supervisory Trial Attorney | 3340 Peachtree Road NE, Suite 1900<br>Atlanta, Georgia 30326<br>T: (404) 537-5525<br><br>*Counsel for Defendant Total System Services LLC* |

*/s/ Meeta Dama*
Meeta Dama
Trial Attorney
Georgia Bar No. 398137
meeta.dama@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4852
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

12

**EXHIBIT A**



**NOTICE TO ALL EMPLOYEES OF TOTAL SYSTEM SERVICES, LLC**

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission (the "EEOC") and Total System Services, LLC. ("TSYS") in a case alleging discrimination because of disability. Specifically, the EEOC alleged that TSYS discriminated against an employee by failing to provide an available reasonable accommodation. As part of the settlement, TSYS has agreed to pay a settlement amount and to take other actions set out in the Consent Decree resolving this matter.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.   TSYS will comply with such federal law in all respects. Furthermore, TSYS will not take any actions against applicants or employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the EEOC.

4.   All applicants and employees have the right, and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An applicant or employee may contact their local EEOC field office for the purpose of

filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

The EEOC is a federal law-enforcement agency and charges no fees to receive and investigate complaints.

5.   This Notice will remain posted for at least two (2) years by agreement with the EEOC.

_____          _____
Date                                                                          General Counsel, TSYS

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 2026.**